UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMBRA BROWN,

        Petitioner,

v.                                                      CASE NO. 07-11415
                                                        HONORABLE GERALD E. ROSEN

LINDA METRISH,

        Respondent.
_____/

## OPINION AND ORDER DENYING HABEAS CORPUS PETITION

Petitioner Embra Brown has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. Also pending before the Court are Petitioner's motions for an evidentiary hearing and for appointment of counsel. Petitioner claims that the Michigan Parole Board violated his constitutional right to due process when it revoked his parole. The habeas petition and attachments demonstrate that Petitioner's right to due process was not violated. Therefore, the habeas petition will be denied.

### I. Background

On April 30, 2003, Petitioner was paroled for a term of two years. On October 2, 2003, his girlfriend, Sharon Johnson, notified the police that Petitioner had assaulted her. Petitioner was charged with violating parole and was sent back to prison. Ms. Johnson failed to appear at Petitioner's subsequent parole revocation hearing held on November 12, 2003, and Petitioner presented evidence that Ms. Johnson wanted to marry him and that she regretted having reported him to the authorities. The hearing examiner dismissed the charges at the prosecutor's request,

but ordered Petitioner not to have any contact with his girlfriend. Shortly thereafter, Petitioner was reinstated on parole.

About two months later, there was a fire at Petitioner's residence, and he was discovered with Ms. Johnson. He was charged with assaulting her, with having contact with a prohibited person, and with making dishonest reports to his parole agent. At a parole revocation hearing held on February 17, 2004, the prosecutor and defense counsel acknowledged that Ms. Johnson was present at Petitioner's residence on January 10, 2004. On or about March 11, 2004, the Michigan Parole Board revoked Petitioner's parole after finding him guilty of contact with a prohibited person. The other charges against Petitioner were dismissed.

Petitioner filed a petition for judicial review in Ingham County Circuit Court and a complaint for the writ of habeas corpus in Lenawee County Circuit Court. The Ingham County petition was dismissed as untimely, and the Lenawee County complaint was dismissed for lack of jurisdiction. Petitioner subsequently filed complaints for the writ of habeas corpus in the Michigan Court of Appeals and in the Michigan Supreme Court. The court of appeals denied his complaint without explanation on December 6, 2005, and on July 31, 2006, the state supreme court dismissed his complaint because it was not persuaded that the questions presented should be reviewed.

Petitioner filed his habeas corpus petition on April 2, 2007. The grounds for relief and supporting facts read:

> I. Violation of the United States Constitution 14th Amendment Due Process Clause that guarantees a parolee a fair and impartial hearing.
>
> A false police report [was] made against petitioner. Petitioner was served parole violation charges for assaulting his

girlfriend. During the November 12, 2003 parole revocation hearing girlfriend did not appear and charges w[ere] dismissed. An extremely severe restriction was placed on petitioner to have no contact with girlfriend. (Restraining Order) Girlfriend never complain[ed] to parole agency regarding the accusations. Petitioner signed condition under duress.

II. Violation of the United States Constitution 14th Amendment Due Process Clause.

At February 17, 2004 parole revocation hearing petitioner requested that girlfriend [testify] in his behalf. Girlfriend testified that petitioner never assaulted her. She also testified that she lived in Detroit. Girlfriend was visiting petitioner's residence in [Hamtramck], Mi Hearing Examiner (Lied) falsified information in his fact-finding report to parole board to have petitioner parole revoked. Hearing Examiner placed in his fact-finding report that girlfriend testified that petitioner lived with her.

Petitioner seeks immediate release from imprisonment, as well as, dismissal of the parole violation charges and expungement of the parole violation records.

## II. Discussion

Although "the full panoply of rights due a defendant in [a criminal prosecution] does not apply to parole revocations," *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972), "parole revocation is a deprivation of liberty within the meaning of the Fifth and Fourteenth Amendments and therefore must be preceded by due process." *Moody v. Daggett*, 429 U.S. 78, 90 (1976) (Stevens, J., dissenting); *see also Overton v. Bazzetta*, 539 U.S. 126, 138 (2003) (stating that "parole revocation is a deprivation of liberty within the meaning of the Due Process Clause of the Fourteenth Amendment") (Stevens, J., concurring). The minimum requirements of due process in parole revocation proceedings are: (1) written notice of the charges, (2) disclosure of the evidence against the parolee, (3) an opportunity to be heard and to present witnesses and documentary evidence, (4) the right to confront and cross-examine adverse witnesses unless

3

there is good cause for not allowing confrontation, (5) a neutral and detached hearing officer, and (6) a written statement of the evidence, which the factfinder relied on, and the reasons for revoking parole. *Morrissey,* 408 U.S. at 489.

With the possible exception of requirement five, Petitioner does not dispute that these due process requirements were satisfied in his case. The habeas petition and attached exhibits indicate that Petitioner was given written notice of the charges, the evidence against him was disclosed to him, and he was afforded the assistance of an attorney and an opportunity to be heard, to present documentary evidence, and to cross-examine the witnesses against him. Additionally, the Parole Board provided Petitioner with a written statement of the evidence and the reasons for its decision.

## A. The Condition of Parole

Petitioner challenges the hearing examiner's order prohibiting him from seeing his girlfriend. Although he claims that the restriction was unduly severe, courts have upheld restrictions on a parolee's freedom of association. *See, e.g., Brizon v. King*, 469 F.2d 1241, 1243 (2d Cir. 1972); *LoFranco v. United States Parole Comm'n*, 986 F. Supp. 796, 804-05 (S.D. N.Y. 1997). The restriction on Petitioner's right of association was reasonable and related to the State's legitimate interest in protecting Petitioner's girlfriend and in fostering Petitioner's rehabilitation. Petitioner agreed to abide with the restriction on his right of association, and although he claims that he did so under duress, the only "duress" was being given the choice of remaining incarcerated or of being released, but not having contact with his girlfriend. He chose the latter option and, according to him, he complied with the restriction. He claims that it was Ms. Johnson who contacted him and that he had no objections to her attempt to reconcile with

4

him. The Court concludes that the two-year restriction placed on Petitioner was not unduly severe or a violation of his constitutional rights.

### B. The Hearing Examiner's Report

Petitioner contends next that the hearing examiner falsified the facts and that the Parole Board failed to consider his girlfriend's testimony that she was not living with him and that he did not assault her. The assault charge was dismissed, and there is no evidence in the record that the hearing examiner was biased. In fact, the hearing examiner apparently postponed making an immediate ruling because he found it difficult to make a decision.

The Court also finds that the hearing examiner did not falsify any material facts needed to make a decision. Although Ms. Johnson may have testified that she was not living with Petitioner on January 10, 2004, she admitted that she was sleeping with Petitioner at his residence on that date. And in a subsequent letter to the Parole Board, she conceded that she may have testified at the hearing on February 17, 2004, that she and Petitioner stayed together at Petitioner's place in Hamtramck. *See* Habeas Pet., Ex. 6a.

Petitioner contends that he did not initiate the contact with Ms. Johnson, but he apparently agreed to let her spend the night with him. Thus, there was evidence that Petitioner violated the "no contact" condition of his release on parole. The contention that the hearing examiner falsified the facts and that the Parole Board ignored Ms. Johnson's testimony is not supported by the record.

### III. Conclusion

The Michigan Parole Board did not violate Petitioner's right to due process when it revoked Petitioner's parole. Therefore, Petitioner is not "in custody in violation of the

5

Constitution or laws or treaties of the United States," 28 U.S.C. §§ 2241(c)(3) and 2254(a), and his Petition for the Writ of Habeas Corpus [Doc. 1, Apr. 2, 2007] is DENIED. Petitioner's motions for an evidentiary hearing [Doc. 6, June 29, 2007] and for appointment of counsel [Doc. 7, June 29, 2007] are DENIED as unnecessary and moot.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: November 6, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 6, 2007, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager